UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) 2:16-cr-00064-JDL-1 <br> ) |
| VICTOR ROSARIO, | ) <br> ) |
| Defendant. | ) |

### ORDER

On January 6, 2017, Victor Rosario pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute a controlled substance. On May 9, 2017, Rosario was sentenced to a term of imprisonment of 90 months. He has served approximately 47 percent of his sentence. Rosario now moves to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), seeking compassionate release based on the alleged health risks he faces in federal custody during the COVID-19 pandemic (ECF No. 43).

Under § 3582(c)(1)(A), a court may reduce a criminal defendant's term of imprisonment upon a motion by the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Judges of this District have found this language mandatory. *See United States v. McIntosh*, No. 2:16-cr-100-DBH-1, ECF No. 67 at 2 (D. Me. May 28, 2020) (collecting cases); *see also United States v. Alam*, No. 20-1298, 2020 WL 2845694, at

*4–5 (6th Cir. June 2, 2020).  Rosario has not made any showing or representation to the Court that he has met this requirement, and I therefore cannot consider his request.

Accordingly, Rosario's motion for compassionate release (ECF No. 43) is **DENIED without prejudice**, meaning that Rosario may refile it, demonstrating compliance with the requirement of § 3582(c)(1)(A) discussed above.  I do not express a view on whether Rosario is entitled to any relief.

SO ORDERED.

Dated:  June 9, 2020

                                                       /s/ JON D. LEVY  
                                        **CHIEF U.S. DISTRICT JUDGE**